## V. T. C. Lines v. Murray.

March 11, 1949.

Stoll, Keenon & Park for appellant.

Astor Hogg and J. B. Carter for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

The appellee, Elzy Murray, a twelve-year-old boy, was seriously injured in a collision between his bicycle and a bus of the appellant, V. T. C. Lines, Inc., in June, 1947. He recovered judgment for $5,384.20. The accident occurred on the north of the highway, which was the right side for the bicycle and the wrong side for the bus. The only question we have is whether the court erred in refusing to give an instruction as to the action of the driver of the bus being due to an emergency not of his creation.

The plaintiff's evidence is that he and another boy riding the same bicycle were on their side of the road close to the right edge and the bus came over there while going around a group of people standing on its side of the road.

We summarize the evidence of the defendant. The bus was being driven slowly on its right side of the road (the south side) with a clear, unobstructed way. The bicycle with the two boys on it came down the road pretty fast on its wrong side. The appellee was riding in front and had control of the bicycle. He had his head down and was not looking as he approached. The bus driver saw the bicycle "in front of me a piece, I don't know how far, coming on my side in front of the bus." The boys were within two or three feet of the south edge of the road. The driver blew his horn two or three times to get them back on their side, but the boys did not seem to hear it. When within twenty-five or thirty feet of the bicycle, the driver cut the bus over to the other side of the road as being the only thing he could do to avert certain collision, and the bicycle also cut over to that side at the same moment. It was going fast. Until then the boy on the bicycle had never looked up. The collision was with the left headlight of the bus. It stopped within five or six

feet after the collision. The driver of the bus is corroborated by other witnesses.

No complaint is made as to the instructions submitting the respective duties of the plaintiff and the defendant's driver and the jury's belief in the breach of any of those duties. The defendant offered an instruction which authorized its relief from liability if the action of its driver in going upon the wrong side of the road was due to an emergency. It was refused and no instruction submitting that defense was given. As a matter of reality and of fact this covered about the only defense the bus company had other than the contributory negligence on the part of the boy. The appellee concedes the law to be that one confronted with a sudden peril not arising from his own fault may act in the way which the emergency seems to require without being guilty of negligence; that the prudence and propriety of the act are to be judged by circumstances which might demand that one act suddenly according to his best judgment; provided he was exercising in the situation the care of a reasonably prudent person under like circumstances. Pennington's Adm'r v. Pure Milk Company, 279 Ky. 235, 130 S.W.2d 24; Rabold v. Gonyer, 285 Ky. 618, 148 S.W.2d 728; Miles v. Southeastern Motor Truck Lines, 295 Ky. 156, 173 S.W.2d 990; Ken-Ten Coach Lines v. Siler, 303 Ky. 263, 197 S.W.2d 406. In these cases, and most of the others we have had, the emergency was caused by a third person or someone other than a party to the action, either plaintiff or defendant. Edmiston v. Robinson, 293 Ky. 273, 168 S.W.2d 740, is more like the instant case. The evidence of the defendant was that the plaintiff was coming on the wrong side of the road wholly oblivious to the approaching bus and its blowing horn. A collision was apparently inevitable without a change in the condition. The jury may well have believed that under the circumstances an ordinarily prudent driver would have done what the driver of the bus did in an effort to avoid the apparently inevitable collision.

The appellee, however, submits that the court properly refused the instruction because the emerengcy was created by the defendant's negligence. If that were true, the defendant would not be entitled to the emergency instruction. Robinson Transfer Co. v. Turner, 244 Ky.

181, 50 S.W.2d 546; Bybee Bros. v Imes, 288 Ky. 1, 155 S.W.2d 492. We cannot say that such is the case as a matter of law. This question was for the jury in connection with the question of the emergency justifying the turning of the bus to the wrong side of the road.

The instruction offered by the defendant on this point seems not to embrace all of the conditions as it omits the primary duties of the defendant's driver. We suggest that the following form of instruction be given if there should be another trial of the case.

If the jury believe from the evidence that while the driver of the defendant's bus was performing all the duties described in instruction No. 1, and further believe from the evidence that the plaintiff, Elzy Murray, by operating his bicycle on the wrong side of the highway (if he did so) placed the driver of the bus in a situation where he was suddenly confronted with an emergency or imminent danger of colliding with the bicycle, and further believe that in attempting to avoid a collison under such circumstances the driver of the bus believed it to be necessary to guide it to the left or wrong side of the highway when that appeared to him to be the best means of avoiding a collision, then the law is for the defendant and you will so find, even though you may believe from the evidence that turning to the left-hand side of the road under such circumstances was not the best or proper way to avoid the collision.

The judgment is reversed.